# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

MASHEKA LINDSEY and JERRY RIDLEY, )
)
)
   Plaintiffs, )
)     **NO. 3:25-cv-00247**
v. )
)     **JUDGE CAMPBELL**
WAVERLY POLICE DEPARTMENT, et )     **MAGISTRATE JUDGE FRENSLEY**
al., )
)
   Defendants. )

## <u>ORDER</u>

Pending before the Court is the Magistrate Judge's Report (Doc. No. 118) recommending that Defendants' motion to dismiss all federal claims asserted against them (Doc. No. 15) be granted and that the Court decline to exercise supplemental jurisdiction over Plaintiffs' state law claims and dismiss them without prejudice. Plaintiffs filed objections (Doc. No. 124) and, upon review of the same and the Report and Recommendation, the undersigned finds it appropriate to conduct a *de novo* review of Defendants' motion to dismiss as to claims brought against Defendant Michael Hubbs under 42 U.S.C. § 1983 for excessive use of force.

Plaintiffs allege Hubbs violated their Fourth Amendment rights to be free from excessive use of force when he pointed a gun at the back of their vehicle during the traffic stop at issue. (Doc. No. 1 ¶¶ 16, 20). "Pointing a gun at an individual can constitute excessive force under the Fourth Amendment." *Wright v. City of Euclid, Ohio*, 962 F.3d 852, 870 (6th Cir. 2020) (citation omitted). Nevertheless, Hubbs argues this claim should be dismissed because the dash camera and body camera footage of the officer conducting the traffic stop blatantly contradict or utterly discredits the allegations that he pointed a gun at Plaintiffs. (Doc. No. 16 at 8). The undersigned has reviewed

the video footage and finds that it does not contradict or discredit the allegations in the complaint. Rather, it is entirely unclear from the footage what Hubbs is doing with his hands (or at the traffic stop at all). Because the video footage does not blatantly contradict or utterly undermine the complaint, the Court may not consider it. *Hodges v. City of Grand Rapids*, 139 F.4th 495, 510 (6th Cir. 2025); *Romero v. City of Lansing, Michigan*, 159 F.4th 1002, 1008 (6th Cir. 2025) ("Because the video footage in this case is inconclusive at the relevant instances, we are ultimately required to credit the facts as they are alleged in the pleadings."); *see also Lee v. Russ*, 33 F.4th 860, 865 (6th Cir. 2022) ("when facts shown in a video can be interpreted in multiple ways, those facts should be viewed in the light most favorable to the non-moving party") (citation modified). Accordingly, the Court credits the facts alleged in the complaint that Hubbs pointed a gun at Plaintiffs. As doing so can constitute a violation of the Fourth Amendment, *see Wright*, 962 F.3d at 870, the complaint alleges sufficient facts to state a violation of Plaintiffs' Constitutional rights. Therefore, Defendants' motion to dismiss is **DENIED** as to Section 1983 claims brought against Defendant Michael Hubbs for excessive use of force in Count I.

Because the Magistrate Judge did not reach the merits of Defendants' motion as to Plaintiffs' state law claims (Counts II and III), the undersigned will also conduct a *de novo* review of Defendants' motion to dismiss as to those claims. Defendants are correct that the complaint fails to state a claim under Section 8-8-302 of the Tennessee Code because that statute permits lawsuits against a county and Plaintiffs do not bring suit against a county in this matter. Defendants are also correct that Section 39-16-602 is a criminal statute that does not provide a private cause of action. Accordingly, Defendants' motion to dismiss is **GRANTED** as to Count II. Finally, Count III for "Police Misconduct" is **DISMISSED** as duplicative of the claims in Count I.

The Court concludes that the rest of Report and Recommendation should be adopted and approved. Accordingly, Defendants' motion to dismiss (Doc. No. 15) is **DENIED** as to the Section 1983 claims against Defendant Michael Hubbs for excessive use of force in Count I and **GRANTED** as to all other claims.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE